UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| RICHARD LYNCH and VIENNA RYE, | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | |
| -against- | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| THE CITY OF NEW YORK; POLICE OFFICER | ) | |
| JONMICHAEL DELAROSA, Shield No. 17441; | ) | |
| POLICE OFFICER MARIANN MANDY, Shield | ) | |
| No. 00603; DEPUTY INSPECTOR ANDREW | ) | |
| LOMBARDO; JOHN DOES; and RICHARD | ) | |
| ROES, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs RICHARD LYNCH and

VIENNA RYE seek relief for the defendants' violation of their rights secured by the Civil Rights

Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First,

Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable

and just.

1

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.      The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiffs each file a Notice of Claim with the Comptroller of the City of New York on September 17, 2015.  More than 30 days have elapsed since service of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiffs RICHARD LYNCH and VIENNA RYE were at all times relevant herein residents of the State of New York.

2

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants DELAROSA, MANDY, LOMBARDO and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants DELAROSA, MANDY, LOMBARDO and JOHN DOES, are sued individually and in their official capacity.

10.      Defendants LOMBARDO and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police

3

department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants LOMBARDO and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On the evening of June 22, 2015 Plaintiffs participated in a vigil and march organized by Millions March NYC, which is affiliated with the Black Lives Matter movement, concerning the Charleston, South Carolina massacre of nine African-Americans by Dylann Roof that had occurred on June 17, 2015.

12.     Shortly after the vigil finished, the march - comprised of a large number of people - started from 125th Street in Harlem.

13.     Numerous members of the NYPD, including Community Affairs Officers, were walking alongside the marchers and escorting the march as the march proceeded away from the vigil location.

14.     Later in the march, however, JOHN DOES members of the NYPD began to drive their police vehicles in an aggressive manner towards the marchers, including using their police vehicles aggressively to drive into the marchers, including Plaintiff RICHARD LYNCH.

15.     Although a member(s) of the NYPD directed some of the marchers to get out of

the roadway during the course of the march, Plaintiff VIENNA RYE was not privy to any such instruction.

16.    When Plaintiff VIENNA RYE was on W. 104th Street between Columbus and Amsterdam Avenues, toward the middle-front of the march, she made a gesture of defiance toward two JOHN DOES members of the NYPD (on information and belief including Defendant DELAROSA) who had been aggressively driving their police car, and turned and stood briefly facing them in front of their police car, momentarily also protecting her fellow-demonstrators from their aggressive driving.

17.    One of the two JOHN DOES members of the NYPD (on information and belief Defendant DELAROSA) got out of his car angrily and violently.

18.    Plaintiff VIENNA RYE, concerned for her safety, ran to the sidewalk.

19.    Upon reaching the sidewalk, Plaintiff VIENNA RYE slowed to a walking speed.

20.    This JOHN DOE Officer (on information and belief Defendant DELAROSA) chased Plaintiff to the sidewalk, and then – without justification, and without saying a word to her – rushed into her, grabbed her, spun her around, and flung her violently on the pavement, scraping both of her knees.

21.    This JOHN DOE Officer (on information and belief Defendant DELAROSA) then put his knee in Plaintiff VIENNA RYE's back and handcuffed Plaintiff VIENNA RYE with metal handcuffs, and he and another JOHN DOE member of the NYPD removed her from the sidewalk.

22.    Plaintiff VIENNA RYE is a petite, thin woman.

23.    This JOHN DOE Officer (on information and belief Defendant DELAROSA) is a strong male officer.

5

24.     This JOHN DOE Officer (on information and belief Defendant DELAROSA) was far more physically powerful than Plaintiff VIENNA RYE was.

25.     Plaintiff VIENNA RYE was brought to a local NYPD police precinct, on information and belief either the NYPD 24th or 28th Precinct.

26.     Plaintiff VIENNA RYE was chained to a bench that was outside of the holding cell at the precinct.

27.     Plaintiff VIENNA RYE was treated by emergency medical technicians inside of the precinct for her bloody knees.

28.     Plaintiff VIENNA RYE was held for approximately four or five, or more, hours at the precinct, and then released with three summonses.

29.     The summonses made false allegations against Plaintiff VIENNA RYE.

30.     One summons charged Plaintiff VIENNA RYE with disorderly conduct under Section 240.20(5) of the New York State Penal Law.

31.     That summons is signed by Defendant DELAROSA under penalty of perjury, and makes the following allegations against Plaintiff VIENNA RYE:

> At T/P/O [time and place of occurrence] [opposite 123 W. 104th Street at 8:55 p.m. on 6/22/15], I personally observed the Defendant with the intent to cause public inconvenience annoyance and alarm, obstruct vehicular traffic by walking on roadway against traffic and did prevent vehicles and other traffic from continuing Eastbound from midblock of location.

32.     These allegations contain material lies and / or material omissions.

33.     Defendant DELAROSA had no reason to believe that Plaintiff intended to cause inconvenience, annoyance or alarm to the public.

34.     Plaintiff did not obstruct any vehicular traffic, and Defendant DELAROSA did not

6

observe traffic being prevented from continuing Eastbound from midblock due to Plaintiff's

conduct.

35.     Another summons charged Plaintiff VIENNA RYE with disorderly conduct under

Section 240.20(6) of the New York State Penal Law.

36.     That summons is signed by Defendant DELAROSA under penalty of perjury, and

makes the following allegations against Plaintiff VIENNA RYE:

> At time and place of occurrence [opposite 123 W. 104th Street at 8:55 p.m.
> on 6/22/15] indicated herein, I personally observed the Defendant with the
> intent to cause a public inconvenience, annoyance or alarm, by walking in
> the middle of the street, to wit West 104 Street between Columbus and
> Amsterdam Ave, congregating with others persons. Defendant was told by
> undersigned to move to an accessible public sidewalk and she refused to do
> so, continuing westbound on the street.

37.     These allegations contain material lies and / or material omissions.

38.     Defendant DELAROSA had no reason to believe that Plaintiff intended to cause

inconvenience, annoyance or alarm to the public.

39.     Defendant DELAROSA never told Plaintiff to move to the sidewalk, and Plaintiff

never refused to move to the sidewalk.

40.     The third summons charged Plaintiff VIENNA RYE with violation of

Vehicle and Traffic Law § 1156(a) (erroneously marked as being a section of the Penal Law), for

"Walk on Roadway with Available Sidewalk."

41.     That summons is signed by Defendant DELAROSA under penalty of perjury, and

makes the following allegations against Plaintiff VIENNA RYE:

> At time and place of occurrence [opposite 123 W. 104th Street at 8:55 p.m.
> on 6/22/15] indicated herein, I personally observed the Defendant walking
> in the middle of the road on West 104 Street between Amsterdam and

Columbus Avenues.  Sidewalks were available adjacent to the roadway. Available sidewalks were safe to traverse at the time of incident.

42.     These allegations contain material lies and / or material omissions.

43.     The NYPD had been escorting the march, and Plaintiff VIENNA RYE had not been put on notice that the NYPD's consent to the demonstrators' marching on the roadway had ever been revoked.

44.     Plaintiff VIENNA RYE had to appear approximately four or five times in Criminal Court to defend against the false allegations on the summonses.

45.     All of the charges against Plaintiff VIENNA RYE have been dismissed in their entirety, on information and belief on or around January 11, 2016.

46.     Plaintiff RICHARD LYNCH had, approximately eight weeks prior to the June 22, 2015 vigil and march, undergone major surgery on both his cervical spine and his thoracic spine.

47.     Plaintiff RICHARD LYNCH was moving very slowly because he was in a lot of pain from his surgery, and he had to stop for water.

48.     When Plaintiff RICHARD LYNCH caught back up with the march, it was at 104th Street, and Plaintiff RICHARD LYNCH was at the back of the march.

49.     Plaintiff RICHARD LYNCH crossed from the north sidewalk of 104th Street to the south sidewalk.

50.     While Plaintiff RICHARD LYNCH was standing on the south sidewalk, without saying a word to him two JOHN DOES members of the NYPD, one male and one female (on information and belief the female officer was Defendant MANDY), ran up behind him, grabbed him, threw him with great force into a van, and handcuffed him with excessive and painful

8

tightness, on information and belief with plastic flexcuffs.

51.    When Plaintiff RICHARD LYNCH was thrown into the van by these two JOHN DOES members of the NYPD, on information and belief including Defendant MANDY, he felt horrific pain in his neck, and upper and lower back, and felt and heard cracking.

52.    Plaintiff RICHARD LYNCH was placed into a police car, and a short time later taken to a local police precinct, on information and belief either the NYPD 24th or 28th Precinct.

53.    At the precinct Plaintiff RICHARD LYNCH was placed into a holding cell.

54.    Plaintiff RICHARD LYNCH was held for approximately five, or more, hours at the precinct, and then released with three summonses, charging him with the same bogus offenses that Plaintiff VIENNA RYE was charged with.

55.    The summonses made false allegations against Plaintiff RICHARD LYNCH.

56.    One summons charged Plaintiff RICHARD LYNCH with disorderly conduct under Section 240.20(5) of the New York State Penal Law.

57.    That summons is signed by Defendant MANDY under penalty of perjury, and makes the following allegations against Plaintiff RICHARD LYNCH:

> At time + place of occurrence (opposite 123 West 104th Street at 8:47 p.m. on 6/22/15), I personally observed the Defendant, with the intent to cause public inconvenience, annoyance and alarm, obstruct vehicular traffic by standing directly in front of a gray Toyota Camry NY Plate CLC 4505, and did prevent the vehicle and other traffic from continuing eastbound from the midblock location.

58.    These allegations contain material lies and / or material omissions.

59.    Defendant MANDY had no reason to believe that Plaintiff RICHARD LYNCH intended to cause inconvenience, annoyance or alarm to the public.

60.     Plaintiff did not obstruct any vehicular traffic, and Defendant MANDY did not observe a gray Toyota Camry NY Plate CLC 4505 being prevented from continuing Eastbound from midblock due to any conduct by Plaintiff RICHARD LYNCH.

61.     There were numerous police vehicles in the roadway that may have prevented a civilian automobile(s) from proceeding eastbound on W. 104th Street.

62.     Other than crossing the street from one sidewalk to the other sidewalk at W. 104th Street, Plaintiff RICHARD LYNCH was not in the roadway at that location.

63.     Another summons charged Plaintiff RICHARD LYNCH with disorderly conduct under Section 240.20(6) of the New York State Penal Law.

64.     That summons is signed by Defendant MANDY under penalty of perjury, and makes the following allegations against Plaintiff RICHARD LYNCH:

> At time + place of occurrence (opposite 123 West 104th Street at 8:47 p.m. on 6/22/15), I personally observed the Defendant, with the intent to cause public inconvenience annoyance, + alarm, walking in the middle of the street, to wit west 104 Street between Columbus and Amsterdam Avenues congregating with a group of others. Defendant was told by undersigned to move to an accessible sidewalk and he refused to do so, continuing westbound on the street.

65.     These allegations contain material lies and / or material omissions.

66.     Defendant MANDY had no reason to believe that Plaintiff intended to cause inconvenience, annoyance or alarm to the public.

67.     Defendant MANDY never told Plaintiff to move to the sidewalk, and Plaintiff never refused to move to the sidewalk.

68.     Defendant MANDY never said anything at all to Plaintiff RICHARD LYNCH prior to brutalizing him and falsely arresting him.

69.     Other than crossing the street from one sidewalk to the other sidewalk at W. 104th Street, Plaintiff RICHARD LYNCH was not in the roadway at that location.

70.     The third summons charged Plaintiff RICHARD LYNCH with violation of Vehicle and Traffic Law § 1156(a) (erroneously marked as being both a section of the Vehicle and Traffic Law and also of the Penal Law), for "Walk on Roadway with Available Sidewalk."

71.     That summons is signed by Defendant MANDY under penalty of perjury, and makes the following allegations against Plaintiff RICHARD LYNCH:

> At time and place of occurrence indicated herein (opposite 123 West 104th Street at 8:47 p.m. on 6/22/15) I personally observed the Defendant walking in the middle of the road on West 104 Street between Columbus and Amsterdam and Avenues.  Sidewalks were available adjacent to the roadway.  Available sidewalks were safe to traverse at the time of incident.

72.     These allegations contain material lies and / or material omissions.

73.     Other than crossing the street from one sidewalk to the other sidewalk at W. 104th Street, Plaintiff RICHARD LYNCH was not in the roadway at that location.

74.     A number of demonstrators came to, and gathered outside of, the police precinct.

75.     DEPUTY INSPECTOR ANDREW LOMBARDO's task force - on information and belief known as an SRG (Strategic Response Group), and often deployed in demonstration-related situations - was called to the precinct.

76.     Plaintiff RICHARD LYNCH was denied access to a bathroom and to food or drink while at the precinct.

77.     A JOHN DOE Officer told Plaintiff RICHARD LYNCH that this was done on the orders of DEPUTY INSPECTOR ANDREW LOMBARDO.

78.     DEPUTY INSPECTOR ANDREW LOMBARDO knows Plaintiff RICHARD

LYNCH well, for a long time, and engaged in a stare-down with Plaintiff RICHARD LYNCH at the precinct.

79.     Plaintiff RICHARD LYNCH sometimes goes by the name / title "the Angry Pacifist."

80.     Plaintiff RICHARD LYNCH has been targeted for harassment by JOHN DOES members of the NYPD.

81.     On numerous occasions JOHN DOES members of the NYPD have come to Plaintiff RICHARD LYNCH's house in Staten Island to ask him questions.

82.     DEPUTY INSPECTOR ANDREW LOMBARDO is notorious for his abuse of demonstrators' rights.  *See*, e.g., Gothamist, Sep 23, 2015, "From Abu Ghraib To Black Lives Matter: Meet The NYPD's Most Notorious Anti-Activist Cop," by Adam Johnson & Keegan Stephan, viewable at http://gothamist.com/2015/09/23/abu_ghraib_cop_lombardo.php .

83.     Plaintiff RICHARD LYNCH has had serious medical sequelae stemming from being thrown into the van by the JOHN DOES officers (on information and belief including Defendant MANDY), including, *inter alia*, experiencing sciatica in his legs for the first time, requiring a number of spinal epidural injections to his lumbar spine, a medial branch block, and a radio frequency ablation.  It is possible that Plaintiff will require further, and larger, spinal surgery to alleviate his pain.

84.     Plaintiff RICHARD LYNCH had to appear four times – on August 12, 2015, September 22, 2015, November 18, 2015, and January 11, 2016 - in Criminal Court to defend against the false allegations on the summonses.

85.     All of the summons charges against Plaintiff RICHARD LYNCH were dismissed

in their entirety on January 11, 2016.

86.     The NYPD has displayed a particular animus toward demonstrators associated with the Black Lives Matter movement, which is deemed by many in the NYPD to be anti-police.

87.     In approximately February of 2016 the NYPD's Legal Bureau entered into a Memorandum of Understanding with the Manhattan District Attorney's Office, in which the District Attorney's Office delegated the authority to prosecute violation-level cases to the NYPD Legal Bureau.

88.     NYPD Legal Bureau attorneys only step in to prosecute violation-level cases under the Memorandum of Understanding in an exceedingly small percentage of the violation-level cases brought against people in the City of New York.  On information and belief, the NYPD Legal Bureau attorneys exclusively (or almost exclusively) do so in violation-level cases brought against demonstrators, and particularly those demonstrators associated with the Black Lives Matter movement.

89.     Further, when the NYPD Legal Bureau attorneys offer a dismissal of the charges in violation-level cases brought against demonstrators, and particularly those demonstrators associated with the Black Lives Matter movement, the NYPD Legal Bureau attorneys exclusively (or almost exclusively) condition that dismissal upon an articulated admission of probable cause on the record, in an attempt to prevent the demonstrators from being able to bring civil rights actions for false arrest and malicious prosecution.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

90.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

91.     By their conduct and actions in seizing plaintiffs, searching plaintiffs, falsely arresting and imprisoning plaintiffs, assaulting and battering plaintiffs, trespassing upon plaintiffs, abusing plaintiffs while they in police custody, maliciously prosecuting plaintiffs, abusing process against plaintiffs, violating rights to due process of plaintiffs (including fabricating evidence against plaintiffs), violating and retaliating for plaintiffs' exercise of their rights to free speech and assembly, violating and retaliating for plaintiffs' rights to equal protection, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants DELAROSA, MANDY, LOMBARDO, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

92.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

14

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

93.     The plaintiffs incorporate by reference the allegations set forth in all previous
Paragraphs as if fully set forth herein.

94.     By their conduct in failing to remedy the wrongs committed by their subordinates
and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants
LOMBARDO and RICHARD ROES caused damage and injury in violation of plaintiffs' rights
guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth,
and Fourteenth amendments.

95.     As a result of the foregoing, plaintiffs were deprived of their liberty and property,
experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for
Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

96.     The plaintiffs incorporate by reference the allegations set forth in all previous
Paragraphs as if fully set forth herein.

97.     At all times material to this complaint, defendant THE CITY OF NEW YORK,
acting through its police department, and through the individual defendants had de facto policies,
practices, customs and usages which were a direct and proximate cause of the unconstitutional
conduct alleged herein.

98.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

15

acting through its police department, and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employees and police officers, and of failing to inform the individual defendants' supervisors of

their need to train, screen, supervise or discipline said defendants. These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

99.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts

police officers or is interpreted by police officers as challenging their authority or documenting or

reporting their misconduct. These policies, practices, customs, and usages were a direct and

proximate cause of the unconstitutional conduct alleged herein.

100.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence

and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

101.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies,

practices, customs and/or usages of engaging in unconstitutional false arrests and related

malicious prosecutions and abuses of process, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Black Lives Matter movement.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

102.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

103.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

104.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

105.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

106.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

107.    By the actions described above, defendants did inflict assault and battery upon the plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

108.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

109.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

110.    By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for

Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

## VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

112.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

113.    By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

114.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

## TRESPASS

115.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

116.    The defendants willfully, wrongfully and unlawfully trespassed upon the persons of plaintiffs.

117.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENCE

118.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

119.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

121.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

122.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

123.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## VIOLATION OF RIGHTS TO EQUAL PROTECTION OF LAW

124.   The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

125.   By the actions described above, defendants violated plaintiffs' rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

126.   As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

127.   The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

128.   By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

129.   As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

21

## THIRTEENTH CLAIM

## ABUSE OF PROCESS

130.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

131.    By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

132.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

133.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

134.    Defendants, acting under color of law, violated plaintiffs' rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

135.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

136.    As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced injury, pain and suffering, emotional injury (garden-variety emotional distress only for Plaintiff VIENNA RYE), costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

137.    The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

138.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff RICHARD LYNCH.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff RICHARD LYNCH and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

139.    As a result of the foregoing, plaintiff RICHARD LYNCH was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiffs demand the following relief jointly and severally against all of the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

        c.  The convening and empaneling of a jury to consider the merits of the claims herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:       New York, New York
               September 20, 2016

                          /S/   Jeffrey A. Rothman      
                       JEFFREY A. ROTHMAN, Esq.
                       315 Broadway, Suite 200
                       New York, New York 10007
                       (212) 227-2980

                       Attorney for Plaintiff