UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD LYNCH, et al.,

          Plaintiffs,

   -against-

THE CITY OF NEW YORK, et al.

          Defendants.

No. 16 Civ. 7355 (LAP)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Mr. Lynch's motion (dkt. no. 69) asking the Court to reconsider its July 14, 2020 order (dkt. no. 65) denying his motion for leave to file an amended complaint and granting Defendants' motion to bifurcate discovery on the Monell claim.  The Court assumes the parties' familiarity with the facts and procedural history of the case.  For the reasons set forth below, Mr. Lynch's motion is DENIED.

    I.    **LEGAL STANDARD**

    "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation omitted).  The standard "is strict and reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories [or] securing a rehearing on the merits."  Id.  Whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation omitted); see also Power Auth. of State of N.Y. v. Tug M/V Ellen S. Bouchard, 433 F. Supp. 3d 477, 478 (S.D.N.Y. 2019).

## II.  ANALYSIS

Mr. Lynch first asks the Court to reconsider its finding that the Proposed Complaint's allegations against Lombardo and Paverman would be futile and that leave to file an amended complaint was therefore unwarranted.  (See dkt. no. 69 at 1-5; dkt. no. 65 at 4-7.)  Mr. Lynch contends that in so holding, the Court: (1) ignored instructions the Court of Appeals gave in its order sustaining dismissal of the claims against Lombardo and Paverman, and (2) committed clear error by failing to find that the Proposed Complaint's allegations, taken together, supported liability against those Defendants.

Mr. Lynch is wrong on both counts.  In denying leave to amend, the Court examined the Court of Appeals' finding that the

claims against Lombardo and Paverman failed because Mr. Lynch did not plausibly allege Lombardo's involvement in the alleged misconduct and because the allegations against Paverman were conclusory and speculative.  (Dkt. no. 65 at 4-7.)  The Court considered whether the Proposed Complaint's allegations remedied those shortcomings and concluded that they did not.  (Id.)  Mr. Lynch's argument that the Court overlooked the Court of Appeals' directives is therefore incorrect, and his disagreement with the Court's analysis does not warrant reconsideration. See, e.g., Tug M/V Ellen S. Bouchard, 433 F. Supp. 3d at 479 ("[Plaintiff] may disagree with the Court's interpretation [of the case law], but that is not a proper ground for reconsideration"); Shrader v. CSX Tranp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Mr. Lynch next asks the Court to reconsider its decision to bifurcate discovery on the Monell claim.  (Dkt. no. 69 at 7-12.)  He argues that this ruling was clear error because (i) the facts related to the New York Police Department's alleged "false observation practice" intertwine with the facts supporting liability as to the individual defendants, (ii) the Monell claim could survive even if the individual claims are dismissed, and (iii) litigating the Monell claim might promote the public interest in shedding light on and rectifying police misconduct.

(Id.)  These arguments again just reflect Mr. Lynch's disagreement with the Court's ruling and do not entitle him to reconsideration.  Whether to bifurcate lies within the Court's discretion, and the Court exercised that discretion by finding that the proper course in this case was to abide by the preference in the Second Circuit for bifurcating Monell claims.  (Dkt. no. 68 at 7-9.)  That decision was not clearly erroneous.

### III. CONCLUSION

For the foregoing reasons, Mr. Lynch's motion for reconsideration (dkt. no. 69) is DENIED.  The Clerk of the Court is respectfully directed to close the open motion.

SO ORDERED.

Dated:  September 25, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.