```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RICHARD LYNCH, et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, et al.<br><br>                    Defendants. | No. 16-CV-7355 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is the motion filed by Defendant City of New York ("the City") to quash the deposition subpoena served upon non-party Deputy Inspector Andrew Lombardo ("Lombardo").[1] Plaintiff Richard Lynch opposes that motion.[2] To the extent and for the reasons described below, the City's motion is GRANTED.

**I.   Background**

Since the facts underlying this action have already been detailed by this Court, see Lynch v. City of New York, 16-CV-7355 (LAP), 2018 WL 1750078, at *1–4 (S.D.N.Y. Mar. 27, 2018), aff'd in part, vacated in part, 952 F.3d 67 (2d Cir. 2020), only the facts relevant to the instant motion will be summarized here.

---

[1] (See Motion to Quash Deposition of Non-Party Dismissed Defendant Lombardo ("Mot. Quash"), dated Apr. 21, 2021 [dkt. no. 87]); see also Reply in Further Support of Motion to Quash, dated Apr. 30, 2021 [dkt. no. 90].)

[2] (See Plaintiff's Letter Response in Opposition to Motion to Quash ("Pl. Opp'n"), dated Apr. 28, 2021 [dkt. no. 89].)

On February 5, 2021, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff served the City with notice of a subpoena for the deposition of Lombardo.  (Mot. Quash at 2.)  A month later, the City, through its counsel, informed Plaintiff that Lombardo was on active military duty and would so remain until May 2023.  (Id.)

Lombardo serves as the U.S. Army Reserve Senior Enlisted Leader and is expected to remain on active duty until May 2023.[3]  Lombardo divides his time between Washington, D.C., Fort Bragg, and other locations (including some overseas).  (See Ex. A at 1; see also Ex. B to Mot. Quash, dated Apr. 8, 2021 [dkt. no. 87-2] at 1.)  Lombardo asserts that these locations cannot support teleconferencing with civilian networks and that he cannot travel to New York for these proceedings due to his "inability to take leave" and his "extensive travel schedule."  (Ex. A at 1.)

According to the Complaint, Lombardo's involvement in this case began after Plaintiff was taken to the precinct.  (See Amended Complaint ("FAC"), dated Mar. 6, 2017 [dkt. no. 18], ¶¶ 80-81.)  The FAC also alleges that Lombardo headed a task force that responded to public demonstrations and that he gave

---

[3] (See Mot. Quash at 3; see also Ex. A to Mot. Quash ("Ex. A"), dated Apr. 8, 2021 [dkt. no. 87-1] at 1 (estimating Lombardo "will be on active duty until at least through June of 2023").)

instructions on how Plaintiff should be treated while detained. (Id. ¶¶ 78, 80.)  "There is no factual allegation that Lombardo was involved in the arrest of Lynch," the preparation of the relevant summons, or that Lombardo supervised the arresting officer.  Lynch, 952 F.3d at 77.

All claims against Lombardo were dismissed on March 27, 2018.  See Lynch, 2018 WL 1750078, at *15.  Additionally, as of July 14, 2020, Plaintiff's individual and Monell claims have been bifurcated.  (See dkt. no. 65 at 10.)

In light of Lombardo's military status and "non-party" relationship to this case, the City moves to quash the subpoena for Lombardo's deposition.[4]  Alternatively, the City requests a stay of the deposition until Lombardo's return from active military duty.  (Mot. Quash at 2.)

II.  **Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure authorizes a deposition subpoena of a non-party witness, provided that the serving party "take reasonable steps to avoid imposing undue burden or expense" on the subject.  FED. R. CIV. P. 45 (d)(1).  Likewise, the rule requires the Court to quash or modify a subpoena if it subjects the deponent to undue burden.  FED. R.

---

[4] The City advances several other arguments in support of its motion to quash, citing, among others, issues of relevance and privilege.  (See Mot. Quash at 3-4.)

3

CIV. P. 45(d)(3)(A)(iv). Consistent with the district court's wide latitude in overseeing matters of pre-trial discovery, see In re Fitch, 330 F. 3d 104, 108 (2d Cir. 2003), the Court may modify or deny discovery requests when the information sought is not relevant or proportional to the needs of the case, the expense or burden outweighs the likely benefit, and/or when the discovery sought is unduly burdensome or expensive. See Hicks v. Leslie Feely Fine Art, No. 20-CV-1991 (ER), 2021 WL 3617208, at *3 (S.D.N.Y. Aug. 13, 2021); see also FED. R. CIV. P. 26(b)(1), (b)(2)(C); Vale v. Great Neck Water Pollution Control Dist., No. 14-CV-4229 (ADS) (AYS), 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016).

The onus is on the party seeking to quash a subpoena to set out the manner and extent of the alleged burden. See Kirschner v. Klemons, No. 99-CV-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). The determination of undue burden rests in "the sound discretion of the trial court." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996). In general, burden and expense are to be weighted more heavily when discovery is sought from non-parties.[5] While mere

---

[5] See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Assoc., 14-CV-09371 (KPF)(SN), 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017); see also Concord Boat, 169 F.R.D. at 49 ("[T]he status of a witness as a non-party to the underlying litigation entitles the witness to
(continued on following page)

inconvenience should not foreclose potentially relevant testimony, a subpoena seeking testimony "with little apparent or likely relevance to the subject matter" may be quashed even if the burden on the deponent is not "onerous."  Kirschner, 2005 WL 1214330, at *2 (citing Concord Boat, 169 F.R.D. at 50).

**Discussion**

**A. Burden**

The City avers that Lombardo's deployment prevents him from being able to sit for a remote deposition.  (See Mot. Quash at 3.)  The City claims that Lombardo's significant military responsibilities, including "overseeing a force of over 200,000" personnel, impact his ability to comply with the subpoena.  (See id.)  Moreover, the City asserts that Lombardo's role frequently requires him to travel to secure locations, rendering testifying remotely a confidentiality concern.[6]  Additionally, the City points out that, "had [ ] Lombardo still been a party to this action, he would be entitled to a stay of the instant proceedings pursuant to 50 U.S.C. § 3932."  (Id. at 4.)

Plaintiff disputes the severity of the burden Lombardo's military duties impose on Lombardo's ability to sit for a remote

---

consideration regarding expense and inconvenience." (cleaned up)).

[6] (See Mot. Quash at 3.) Lombardo writes separately to emphasize that the locations in which he works do not support teleconferencing via civilian network. (See Ex. A at 1.)

5

deposition[7] and suggests that Lombardo could be deposed from Fort Bragg via laptop or cell phone.  (See Pl.'s Opp'n at 4.) Alternatively, Plaintiff offers that Lombardo could relocate to a hotel room for the duration of the deposition so as to abate security concerns.  (See id.)

The Court finds that the City has adequately shown that requiring Lombardo to sit for a remote deposition while deployed would impose a significant burden.  Moreover, Plaintiff's claims that the size of the base make it likely "numerous, daily, non-secure communications [ ] occur," (Pl. Opp'n at 4), are speculative.  Furthermore, those claims are rebutted by the affidavit of support from Lombardo's commanding officer, stating that the locations at which Lombardo is stationed do not support civilian teleconferencing and that Lombardo is unable to take leave to participate in the deposition.  (See Ex. B at 1.)

Plaintiff's objections are, therefore, insufficient to outweigh the showing the City has put forth, particularly in light of Lombardo's no longer being a party, see Blackrock, 2017 WL 9401102, at *1, and the Court's bifurcation of Plaintiff's Monell claims, (dkt. no. 65 at 10).  This, coupled with the deference Congress accords members of our military who are

---

[7] (See Pl. Opp'n at 4) ("It is simply insulting to common sense, and absurd, for Defendants to propose that [ ] Lombardo cannot clear his schedule for a few hours . . . and to propose that the country's security would be compromised if he did so.")

6

parties to a dispute, see, e.g., 50 U.S.C. § 3934, support staying the subpoena until Lombardo returns from active duty.

**B. Relevance, Privilege, and Monell**

The City also argues that Lombardo's testimony (1) would provide evidence of little probative value to the instant case, (2) may tread on attorney-client privileged communications, and (3) may run afoul of this Court's order bifurcating Plaintiff's Monell claims against the City.  (See Mot. Quash at 3-4.)  Plaintiff disagrees, instead maintaining that Lombardo's personal involvement is evidenced by his alleged order to withhold from Plaintiff food and drink as well as the opportunity to use the bathroom while at the precinct.  (See Pl. Opp'n at 4.)  Additionally, Plaintiff alleges that Lombardo has had other dealings with Plaintiff, has displayed animus towards Plaintiff, and is antagonistic to demonstrators' rights.[8]

But the Court need not resolve these issues now.  By staying this subpoena, the Court finds only that considering the burden imposed on the deponent, weighed against the uncertain relevance to discovery at this juncture, warrants delaying the deposition until a later date.  Any determination regarding the

---

[8] (See Pl. Opp'n at 4.)  However, the FAC does not allege that the task force supervised the officers who arrested and swore out summonses against Plaintiff.  See Lynch, 952 F.3d at 77.  Plaintiff does not directly address the privilege and Monell arguments the City makes.

relevance of Lombardo's testimony, possible privilege issues, or whether certain questioning impermissibly treads into Monell territory can await another day.

## IV. Conclusion

For the reasons above, the Court exercises its discretion to stay the deposition of Lombardo until the termination of his deployment.  Accordingly, to the extent described above, the City's motion to quash [dkt. no. 87] is GRANTED.  The City shall notify the Court and Plaintiff when Lombardo has completed his deployment.  The Clerk of the Court shall close the open motion.

In light of this ruling, it is unnecessary, at this time, to resolve the City's remaining arguments regarding the substance of Lombardo's deposition.  The City may reassert those arguments if and when Lombardo is ultimately deposed.

SO ORDERED.

Dated:     October 5, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge